IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN C. GARDNER, ET AL.           :

 

    vs.                                :          CIVIL ACTION NO. JKB-06-2519

                                 :

JACQUELINE A. VEREEN, ET AL        :

## MEMORANDUM

Pending and ready for disposition is Defendant Thompson's motion for summary judgment (Paper No. 25).  The motion has been briefed and was the subject of a teleconference between counsel for all parties and the Court on May 22, 2007.  No hearing is necessary.  Local Rule 105.6.  For the reasons set forth below, the motion for summary judgment will be granted.

### I. Standard of Review

Generally, an award of summary judgment is proper in federal cases when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The burden is on the moving party to demonstrate the absence of any genuine issue of material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Ross v. Communications Satellite Corp.*, 759 F.2d 355 (4th Cir. 1985)(overruled on other

grounds).  The opposing party, however, may not rest upon the mere allegations or denials of his pleading, but instead must, by affidavit or other evidentiary showing, set forth specific facts showing that there is an issue for trial.  Fed. R. Civ. P. 56(e). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit.  *Id*.

### II. Background and Analysis

Kevin C. Gardner was the driver of the lead vehicle involved in a three car chain collision on the Baltimore beltway.  Mr. Gardner brought suit against Susan D. Thompson, the driver of the vehicle immediately behind his vehicle, and Jacqueline A. Vereen, the driver of the vehicle immediately behind Ms. Thompson's vehicle.  The theory of recovery asserted by Mr. Gardner in his complaint was that his vehicle was struck from the rear first by Ms. Thompson's vehicle and that, subsequently, Ms. Thompson's vehicle was struck by Ms. Vereen's vehicle.  Ms. Thompson, however, has contended that her vehicle was struck first from the rear by Ms. Vereen's vehicle and pushed into Mr. Gardner's vehicle.  Ms. Thompson recently has concluded a successful action in the District Court for Baltimore County against Ms. Vereen on that theory.  A copy of the judgment of that Court, along with sworn answers to interrogatories executed by Ms. Thompson, are appended to Ms. Thompson's motion in support thereof.  Mr. Gardner submitted a

response (Paper No. 28), accompanied by an affidavit from Mr. Gardner that failed to generate a dispute of material fact in regard to Ms. Thompson's version of the collision.   During the teleconference referenced above, counsel for Mr. Gardner conceded that Mr. Gardner is unable to contest the version of the facts asserted by Ms. Thompson.   The background and the standard of review set forth above mandate the conclusion that Ms. Thompson is entitled to summary judgment as to Mr. Gardner's claim against her and judgment in favor of Ms. Thompson and against Mr. Gardner will be directed by separate Order.   The Court also notes that the disputes between Mr. Gardner and Ms. Vereen now have been settled, and those parties have filed lines of dismissal as to their respective claims (see Paper Nos. 29, 30, 31, and 32), which dismissals accordingly have been ordered by the Court.   All claims having been resolved, this case will be closed by the same separate Order referenced above.

Dated this _____25th_____ day of May, 2007.

BY THE COURT:

James K. Bredar
United States Magistrate Judge